## PROPER PARTIES TO A PROCEEDING FOR A TELEPHONE FRANCHISE.

Common Pleas Court of Shelby County.

·THE SIDNEY TELEPHONE COMPANY v. THE FARMERS TELE-
PHONE COMPANY ET AL.

Decided, March 24, 1911.

*Telephone Franchise—Application to Probate Court for—Necessary·
Parties—Intervention by a Competing Company—Nature of Interest
Intervenor must Show—Mere Concern not Sufficient—Limitations
as to the Vested·Rights of the Senior Company—Sections 11255,
11262, 9173 and 9174.*

In a proceeding instituted in the probate court by a telephone company
in which an order of the probate court is sought, directing the
mode of construction of telephone lines along certain streets and
alleys of a municipality, a competing telephone company is not a
proper or necessary party and, it not appearing that its lines will
be affected by the order sought, such company has no right to
intervene, and hence can not prosecute error.

*P. R. Taylor* and *Harrison Wilson,* for plaintiff in error.
*J. D. Barnes and John Oldham,* contra.

MATTHIAS, J.

This case comes into this court upon petition in error from
the Probate Court of Shelby County, said petition being filed
and said proceedings in error instituted by the Sidney Tele-
phone Company.

On June 13th, 1910, the Farmers Telephone Company made
application to the council of the city of Sidney, Ohio, request-
ing said council to prescribe the manner of the use of the streets,
alleys and public ways of said city by said Farmers Telephone
Company in constructing lines of telephone in said city.  At
the same time said telephone company presented an ordinance,
rather a proposed ordinance, prescribing the manner of the use
of said streets, alleys and public ways by said company, for the
purpose stated, which was in terms agreeable to said company.
Said ordinance was considered by said council on July 11th

1910, and upon that date a vote was taken thereon and the same was declared lost. Thereafter, on September 12th, 1910, a further application was presented to said council, by said telephone company, which contained in some detail the method of occupation and manner of the use of the streets, alleys and public ways agreeable to said company and to which it requested the consent of said council.

Said request was referred to a committee of said council which reported to the council thereon September 26th, 1910, recommending the rejection of the request and proposal of said telephone company and further recommending that said council refuse to permit said company to use and occupy the streets and alleys mentioned in said application or any other streets and alleys of said city in the manner designated by said company, and that the council refuse to designate or agree upon any mode or manner of use of any of the streets, alleys or public ways of said city by said company for the purpose of constructing therein telephone lines or a telephone system. The reasons stated for such recommendation were the increased burden and expense of a second telephone system in the city, and also the further obstruction of the streets and alleys thereof by the erection of the poles that would become necessary if a second telephone system be installed.

On the date of said report it was adopted by the council of said city. On October 27th, 1910, said Farmers Telephone Company filed in the Probate Court of Shelby County its petition in which it states facts substantially as above set forth and avers its due incorporation and organization under the laws of Ohio for the purpose of constructing or purchasing telephone lines, or both, and doing a general telephone business in Shelby and adjoining counties and connecting lines and centrals; further averring its desire to occupy the designated streets, alleys and public ways in the manner stated, and that the occupation of said streets, alleys and public ways with conduits, wires and appurtenances are necessary for the exercise of plaintiff's rights and privileges under its franchise.

The city of Sidney filed an answer to said petition admitting the refusal of the city council to agree with said company upon

the manner of the use of the streets, alleys and public ways of said city and that it refused to permit said company to so occupy its streets and alleys.   As to other matters set out in the plaintiff's petition it neither admitted nor denied and asked that proof be required thereof.

The Sidney Telephone Company filed a motion asking that it be made a party defendant; whereupon the probate court permitted the Sidney Telephone Company "to set up their rights in the premises on or before the 18th day of November, A. D. 1910, at which time the rights of the Sidney Telephone Company will be considered."

The answer of the Sidney Telephone Company, so filed, states its incorporation under the laws of Ohio, and after joining in the admissions made in the answer of the city of Sidney, denies all other averments contained in plaintiff's petition.  As separate defenses it is averred that the Farmers Company is not so incorporated or organized as to be entitled to exercise the rights and powers conferred upon telephone companies by the laws of Ohio; that there exists no necessity either for the purposes of said plaintiff or for the benefit of the residents of Sidney for the designation of the mode of use of any of the streets, alleys or public property of said city for the purpose sought; that on February 13th, 1899, the council of the city of Sidney, by ordinance, granted to said Sidney Telephone Company a right-of-way and designation of mode of use of the avenues, streets, lanes, alleys and public grounds of said city for the erection, maintenance and use of the necessary and convenient wires, poles and appurtenances for a telephone system in said city, a complete acceptance of the terms of which ordinance was duly filed by said company; that in accordance with the terms thereof said company now operates and maintains a telephone system in said city and affords ample and sufficient service, by local and long distance lines, to the residents of said city and of the territory contiguous thereto; that it is entitled to an exclusive right of conducting a telephone system in said city as against the Farmers Telephone Company for the reason that the latter company is not so incorporated and organized as to be entitled to such rights and privileges; that no further occupancy of the streets, alleys or

highways is necessary for the purpose of affording telephone service in said city and that the same would incommode the public and cause additional expense and interfere with the rights of owners of lots and lands and would constitute a nuisance in such streets and alleys; that it has prior rights in, and now uses, for the purposes of its said telephone business, each and all of the streets and alleys of said city for which a designation of mode of use is prayed by the Farmers Company.

On December 3d, 1910, a motion of the Farmers Telephone Company to strike from the files the answer of the Sidney Telephone Company for the stated reasons that said, the Sidney Telephone Company, is an improper and unnecessary party was presented. The court not being prepared to pass on said motion continued the same for further consideration. The court then proceeded to hear the evidence and argument and took the entire matter under consideration until the 10th day of December, when the court sustained the motion of the Farmers Telephone Company to strike from the files the answer of the Sidney Telephone Company and thereupon, on the issues joined between the Farmers Telephone Company and the city of Sidney, the court found in favor of the Farmers Telephone Company, and proceeded to and did designate the mode in which said company may occupy the streets and alleys of said city, which is substantially, if not precisely, the mode proposed by said Farmers Telephone Company in its application to the city council and its petition in the probate court. Thereupon error was prosecuted in this court by the Sidney Telephone Company.

The questions of law presented by the petition in error, and argued by counsel, are, in substance, whether the Sidney Telephone Company was a proper or necessary party to the proceeding in the probate court; whether under the law and the evidence the Farmers Telephone Company had a right to make the appropriation sought and that a necessity existed therefor; and whether the order made is invalid because of uncertainty in its terms or on the ground that it is a legislative act and not a judicial decree.

This proceeding in error is not instituted and prosecuted by the city of Sidney, but by the Sidney Telephone Company, and

we are therefore called upon to determine, first, whether the Sidney Telephone Company has a right to prosecute this proceeding in error. This involves a consideration of the question as to whether the Sidney Telephone Company was a proper or necessary defendant in the proceeding in the probate court.

As has been seen, the probate court found that it was not, and upon motion ordered that its answer be stricken from the files. The Sidney Telephone Company was not made a party defendant and it sought to intervene. It asserts its right to be a party defendant in the proceeding below by reason of two statutory grounds, the first being found in Section 11255 of the General Code, which provides that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

The other statutory provision relied upon by plaintiff in error is found in Section 9178 of the General Code, as recently amended, which amendment is found in 101 Ohio Laws, page 289, together with Section 11046 of the General Code, which is in the chapter having reference to proceeding for the appropriation of property, and provides that, "any interested person shall b heard."

We do not believe the statute last referred to confers any right which was not conferred by Section 11255, together with Section 11262, which provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination can not be had without the presence of other parties the court may order them to be brought in, or dismiss the action without prejudice."

Undoubtedly the "interest" referred to in each of said sections must be in the subject of the action, the subject-matter of the litigation. If the Sidney Telephone Company had such an "interest" it had a right to be a party defendant, and not being made a party by the palintiff had a right to intervene; but if it

did not have such "interest" in the controversy it did not have a right to come into the case as an intervenor, and hence could not prosecute this proceeding in error. The rule is stated in Bates Pleadings, Vol. 1, page 103, to be as follows:

"A person may, on his own application, be made a party, either as against the plaintiff or as against an original defendant when he claims an ownership or interest in the subject of the action."

A familiar instance of the application of the rule is here given: the action of an insurance company having paid the owner his loss intervening in a suit of the owner against the railroad company which caused the loss.

Many cases were cited both by the plaintiff in error and the defendant in error upon the subject of intervention, many of which are entirely inapplicable, and none of which can be said to be in point. We think it must be conceded that an intervenor must have an interest in the subject-matter which it seeks to protect, and that it can not come in merely for the purpose of contesting plaintiff's claim. Clearly the provision referred to is not for the purpose of affording any person or company an opportunity to present a defense that should be made by some other party, or to make complaint that the rights of another party to the suit, or of some person not a party to the suit will be infringed, or injury suffered by it or them.

"Interest," as here used, must necessarily mean more than mere concern; it is an interest or share in the subject of the action. In the several telephone cases that have found their way to the Supreme Court we find no such question has been presented, nor in any nisi prius court so far as we can find. Apparently opposition telephone companies were not made parties defendant, although it does appear that counsel for said companies participated therein, made arguments and filed briefs on behalf of the contention made by the municipality. The municipality alone appears as a party, plaintiff or defendant, in the proceedings in error. This appears in *Zanesville* v. *Tele-phone Company*, 64 O. S., 67, and in *Queen City Telephone Company* v. *Cincinnati*, 73 O. S., 64.

The rule stated in *Maxwell on Code Pleading* is, that a person who has an interest in, or lien on the property in litigation, may file a petition to intervene in the case, and it is there stated that the intervenor should, in his petition for intervention, state his rights and that his interest is adverse to that of the plaintiff; that a petition for intervention must show some right of the petitioner to intervene, otherwise it will not be error to overrule the application or permit it to lapse by default. In this case the right of the Sidney Telephone Company to intervene was attempted to be shown by its answer, the substance of which we have heretofore stated. This answer shows no interest in the subject of the action; neither in the remedy sought, nor that any property belonging to it will be destroyed or injured if the application sought be granted. There is no averment in the answer of the Sidney Telephone Company that there will be any mechanical interference with the practical working of its lines now constructed in said city, nor that construction of lines by the Farmers Telephone Company in the manner and location sought would have any such tendency.

If there be any reason for concluding that the Sidney Telephone Company has an interest in the subject of the action permitting its intervention, it is found in Section 9174, which provides that:

"No company shall erect poles, piers, abutments, wires or other necessary fixtures in such close proximity to another line of magnetic telegraph authorized by law to be constructed as to interfere with its practical working."

The preceding section provides that:

"Without the consent of the owner thereof in writing no such company shall enter a building or edifice or use or appropriate any part thereof or erect a telegraph pole, pier or abutment in a yard or inclosure within which an edifice is situated, nor, in cases not hereinafter provided for, erect a telegraph pole, pier, abutment, wires, or other fixtures, so near to an edifice as to occasion injury thereto, or risk of injury, in case such pole, pier, or abutment be overthrown, nor injure or destroy any fruit or ornamental tree."

No more can it be said that the owner of property referred to in Section 9174 is an "interested person." than the owners of property referred to in Section 9173; hence, if the owner of another line of telephones is an "interested person" and can intervene in such a proceding in the probate court, then all persons who are the owners of property along or near the proposed line of said telephone construction could intervene and become parties to such proceedings.

The apprehension of detrimental and depreciating effect which the construction of these new lines and the installation of a competing telephone system may have upon the franchise and property of the Sidney Telephone Company can not possibly constitute any reason for permitting an intervention by the Sidney Telephone Company. When said company obtained its franchise from the state and pursuant to the authority vested thereby procured a designation of the manner of construction of its lines and system in Sidney, it was with the full knowledge that the same law that conferred such rights and privileges upon it and vested it with such authority, could be invoked by another company and make it a competitor. Hence, the only vested rights it has are those heretofore indicated, to enjoy the use of its lines unimpaired and uninjured by faulty or improper construction of other lines or systems. It has a right to remain unmolested in the use and enjoyment of its property just as any other person or corporation. It has a right to have enforced the restrictions of Section 9174, just as the owner of real estate has the right to have enforced the restrictions of Section 9173. But that does not give it an interest in the subject of the action, or in the subject matter of the litigation. The subject of the action undoubtedly is the designation of the mode of construction of the telephone lines of the applying company along the streets, alleys and public ways of the city so as not to incommode the public in the use of the same. It is said by the Supreme Court in the Zanesville case that the jurisdiction conferred upon the court is to determine the controversy between the disputant corporations (the municipality and the applying telephone company) arising from their disagreement or failure to agree, by an order

binding on both, directing in what mode the telephone lines shall be constructed in the streets and alleys so as not to incommode the public in the use of the same.   As heretofore indicated a consideration and discussion of the many cases cited by counsel upon the subject of intervention is unprofitable, for the reason that none of said cases can be said to be in point, and are helpful only so far as they assist in formulating a general rule, which is applicable, and which, as we have shown, is stated by Bates, and requires that an intervenor must have an interest in the subject of the action.   As we have seen, the only superior rights which a senior company acquires and holds are those conferred by Section 9147, and that being vouchsafed such senior company can have no part in the determination or designation of the mode of the use of such streets.   The mode to be directed, as stated by the statute, is that which will not incommode the public.

The rights of the public are represented by the officials of the city of Sidney, and the city of Sidney is not here prosecuting error.   If it were, we might profitably discuss and determine some further questions that are presented, to-wit, the manner and form of organization of the Farmers' Telephone Company, and the very interesting question as to whether the decree of the probate court is a legislative or judicial act.   But the city of Sidney Ohio, is not here presenting those questions.   We find that the Sidney Telephone Company had not the right to intervene in the proceeding in the probate court, and hence can not prosecute error in this court.   It is upon this ground and this ground alone that we find for the defendant in error, the Farmers' Telephone Company, and dismiss the petition in error of the Sidney Telephone Company.